UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENCYCLOPAEDIA BRITANNICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-CV-2752 |
| ) | Hon. Rueben Castillo |
| MARKUS SLEUWEN GUERRERO and ) | Magistrate Judge Martin C. Ashman |
| ONLINE EDUCATION SYSTEMS, LLC, ) | |
| ) | |
| Defendants. ) | |

**INITIAL JOINT STATUS REPORT**

As provided in Court's May 30, 2008, Scheduling Order, all parties submit the following Initial Joint Status Report.

**A.     Nature of the Case**

1. Bases for subject matter jurisdiction

This Court has jurisdiction by virtue of the fact that this is a civil action arising under federal trademark and copyright law, 15 U.S.C. § 1051 and 17 U.S.C. § 101, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  This Court has supplemental jurisdiction over all state and common law claims in accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

2. Nature of claims and counterclaims

Plaintiff claims that its former licensee, Online Education Systems, LLC and its principal, Mr. Sleuwen, have engaged in counterfeiting and trademark infringement, copyright infringement, unfair competition, federal cybersquatting, conversion and breach of contract. These acts arise from Defendants continued use of Plaintiff's intellectual property after its

license was terminated by Plaintiff, their breaches of the license agreement, and their failure to comply with their obligations upon termination of that agreement.

Defendants deny the material allegations of plaintiff's complaint. In addition, defendant Online Education Systems, LLC ("OES") counterclaims against plaintiff for plaintiff's breaches of the Agreement between plaintiff and OES and seeks a declaratory judgment that plaintiff is not entitled to close any attempted exercise by it of the Purchase Option under the parties' Agreement until July 1, 2012, the sixth anniversary of the Launch Date as defined by the Agreement.

3. <u>Relief sought by Plaintiff</u>

Plaintiff seeks entry of an injunction enjoining Defendants from infringing Plaintiff's trademarks, trade dress, copyrighted works, and other intellectual property. Plaintiff seeks actual or statutory damages for Defendants' acts of counterfeiting and trademark infringement, copyright infringement, and cybersquatting, as well as Plaintiff's costs and reasonable attorney's fees. Plaintiff also seeks contract damages, including all unpaid royalties and marketing fees, plus interest. Finally, Plaintiff seeks a declaration and specific performance that the option to purchase Defendants' assets provided for in the license agreement can be consumated upon termination.

Defendants contend that plaintiff is not entitled to any of the relief sought by it. In addition, OES seeks monetary damages in an amount to be determined at trial in excess of $100,000 against plaintiff for its breaches of contract, and seeks a declaration that plaintiff is not entitled to close any attempted exercise by it of the Purchase Option under the parties' Agreement until July 1, 2012, the sixth anniversary of the Launch Date as defined by the Agreement.

4. <u>Names of any parties that have not been served</u>

All known parties have been served.

5. <u>Major legal issues</u>

Whether Defendants breached the license agreement by failing to provide and update certain content and pay money's owed.  Whether Plaintiff is entitled upon termination of the license agreement to consummate a purchase of Defendant's assets.

Whether plaintiff has breached its Agreement with OES and whether OES is entitled to the declaratory relief it seeks.

6. <u>Major factual issues</u>

As to Plaintiff's right to exercise its purchase option and close on it upon termination, Plaintiff contends that there are no factual issues and it intends to move for entry of partial summary judgment on that issue.  The breach of contract claims raise numerous factual issues regarding performance under the contract.

Defendant OES' counterclaim for breach of the written Agreement between the parties raise factual issues regarding plaintiff's performance, or lack thereof, under the Agreement. Defendant OES' counterclaim for declaratory judgment may raise factual issues but only if this Court determines that the Agreement provisions at issue are ambiguous.

7. <u>Citations to key authorities which will assist the Court in understanding and ruling on the issues.</u>

The Plaintiff contends that the legal dispute between the parties centers on the interpretation of the contract at issue, and can be resolved by apply the usual principals of contract interpretation, including that "[c]ontracts are to be interpreted as a whole, giving meaning and effect to each provision of the contract." *Arrow Master, Inc. v. Unique Forming*

*Ltd.*, 12 F.3d 709, 713 (7th Cir. 1993) (quotations omitted).  And, "[i]n construing a contract with conflicting provisions, it is presumed that all provisions were inserted for a purpose, and conflicting provisions will be reconciled if possible so as to give effect to all of the contract's provisions." *Magnuson v. Schaider,* 183 Ill. App. 3d 344, 358, 358 N.E. 2d 1309, 1319 (Ill. App. 2d Dist. 1989) (granting summary judgment) (quotations omitted).

Defendants agree that the most contentious issue between the parties involves contract interpretation under Illinois law.  Defendant does not believe that there is a case on all fours with the precise contractual issues at hand, but does agree with plaintiff that general rules of contract construction under Illinois law will govern.

**B.     Preparation of Draft Scheduling Order**

Attached is a copy of the Court's scheduling order.

**C.     Trial Status**

1. <u>Whether or not a jury trial has been requested</u>

   Neither Plaintiff nor Defendants have requested a jury trial.

2. <u>Probable length of the trial</u>

   Plaintiff anticipates a trial of a 2-3 days.

**D.     Consent to proceed before a magistrate judge**

The parties have not consented to proceed before a Magistrate Judge for all proceedings including trial.

**E.     Settlement Status**

The parties have engaged in extensive good faith negotiations, but have been unable to agree on the terms of a settlement.

Date: July 11, 2008                                                    Respectfully submitted,

    LOEB & LOEB LLP                                              MILLER SHAKMAN & BEEM LLP

By:   s/ Blair R. Zanzig_____            By:   s/ Eric A. Oesterle _____
     Douglas N. Masters                                              Eric A. Oesterle
     Blair R. Zanzig                                                    180 North LaSalle Street
     321 N. Clark Street, Suite 2300                        Suite 3600
     Chicago, Illinois 60654                                        Chicago, IL 60601
     (312) 464-3100                                                     (312) 263-3700

     Attorneys for Plaintiff                                          Attorneys for Defendants

CH44230.1
211625-10001                          5

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July 2008, a copy of the foregoing Initial Joint Status Report were filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Eric Osterle, Esq.
MILLER SHAKMAN AND BEEM LLP
180 N. LaSalle Street, Suite 3600
Chicago, Illinois 60601

*Counsel for Defendants*

/s/ Blair R. Zanzig